# BOARD OF EDUCATION OF GRANITE SCHOOL DIST. v. STILLMAN et al.

No. 3384.  Decided September 8, 1919.  (184 Pac. 159.)

SCHOOLS AND SCHOOL DISTRICTS—TAX LEVY LIMITED TO SEVEN MILLS, INCLUDING SCHOOL SITES.  Tax levies for county school districts of the first class should be made without regard to the proviso of Comp. Laws 1917, section 4624, which is void for making discriminatory classifications of property valuation in regulating maximum assessment for any year, but should be made in accordance with Laws 1911, chapter 135, amending Comp. Laws 1907; section 1891x27, limiting the assessment to five and one-half mills, with an additional one and one-half mills exclusively for purchase of school sites and erection of buildings.[1]

Application by the Board of Education of Granite School District for a writ of mandate to compel the defendants Charles F. Stillman and others, as the Board of County Commissioners of Salt Lake County, and J. E. Clark and others, as county officers to levy a tax assessment of approximately seven and two-tenths mills on a dollar of the assessed valuation of such district.

[1] *Board of Education* v. *Hunter,* 48 Utah, 373, 159 Pac. 1019; *Board of Education* v. *Hanchett,* 50 Utah, 289, 167 Pac. 686.

WRIT OF MANDATE ISSUED.

*Carlson & Carlson* of Salt Lake City, for plaintiff.

*Richard Hartley,* Co. Atty., and *D. A. Skeen,* Asst. Co. Atty., both of Salt Lake City, for defendants.

CORFMAN, C. J.

The plaintiff board of education of Granite school district filed its application in this court for a writ of mandate to issue against the defendants, Charles F. Stillman, Joseph Lindsay, and W. B. Hughes, as the board of commissioners of Salt Lake county, and J. E. Clark, as county clerk, James E. Lynch, as assessor, W. W. Barton, as treasurer, and M. C. Iverson, as auditor, of said county, to require them to levy taxes in accordance with a statement and estimate made by the plaintiff on April 28, 1919, for the support and maintenance of the schools in their charge for the year 1919, under the provisions of section 4624 (1891x27) of the Compiled Laws of Utah of 1917. According to the allegations of plaintiff's petition the estimate of the plaintiff of the amount necessary to be raised was as follows: For the support and maintenance of schools, $286,600; for the purchase of school sites and the erection of buildings, $62,500; for the payment of interest on bonds, $29,460; and for a sinking fund for the payment and redemption of bonds, $12,760—the aggregate amount being $391,320, which sum, less the sum of $113,500 to be received from the state high school fund and the state district school fund and the state land rental and interest fund, was to be raised by levy upon the assessed valuation of the property of said school district.

The defendants refused to levy a tax on the property of said Granite school district in excess of four and two-tenths mills, which levy it is alleged will not raise an amount sufficient for the purposes mentioned in the estimate. Said Granite school district is a county school district of Salt Lake county of the first class, and has an assessed property valua-

tion for the year 1919 of approximately $38,623,740, thus requiring an assessment of approximately seven and two-tenths mills on the dollar of the assessed valuation to meet said estimate and statement of the plaintiff.

An alternative writ was issued on plaintiff's petition, requiring the defendants to show cause on a day certain why they should not make a levy of seven and two-tenths mills to meet the requirement of plaintiff's estimate and statement. The defendants appeared and filed a general demurrer to plaintiff's petition and the same has been argued and submitted.

Section 4624 (1891x27) Comp. Laws Utah 1917, provides:

"The board of education shall, on or before the 1st day of May of each year, prepare a statement and estimate of the amount necessary for the support and maintenance of the schools under its charge for the school year commencing on the 1st day of July next thereafter, and for the purchase of school sites and the erection of school buildings, also the amount necessary to pay the interest accruing during such year, and not included in any prior estimate, on bonds issued by the said board; also the amount of sinking funds necessary to be collected during such year for the payment and redemption of said bonds; and shall forthwith cause the same to be certified by the president and clerk of said board to the officers charged with the assessment and collection of taxes for general county purposes in the county in which the district is situated, and such officers, after having extended the valuation of property on the assessment rolls, shall levy such per cent. as shall, as nearly as may be, raise the amount required by the board: * * * Provided, that the tax on all taxable property of the said district for the support and maintenance of schools, the purchase of school sites, and erection of school buildings shall not exceed in any one year, in any district whose assessed valuation is $20,000,000 or more, four and two-tenths mills on the dollar; and in any district whose assessed valuation is more than $15,000,000 and less than $20,000,000, four and seven-tenths mills on the dollar; in any district whose assessed valuation is more than $10,000,000 and less than $15,000,000, five and two-tenths mills on the dollar; and in any district whose assessed valuation is more than $5,000,000 and less than $10,000,000, five and 5-tenths mills; and in any district whose assessed valuation is less than $5,000,000, six mills on the dollars."

It will therefore be seen that the question raised is whether or not, in view of the provisions of the foregoing statute, an

assessment of more than four and two-tenths mills on the dollar may legally be assessed upon the taxable property of Granite school district, having an assessed valuation of $38,-623,740, for the support and maintenance of schools, the purchase of school sites, and erection of school buildings for the district.

Precisely the same question as now raised was involved in the cases of *Board of Education* v. *Hunter,* 48 Utah, 373, 159 Pac. 1019, and *Board of Education* v. *Hanchett,* 50 Utah, 289, 167 Pac. 686, in which this court held that as a basis for the determination of a tax levy the discriminatory classifications of property values made under similar statutes, viz. section 1891x27 of chapter III, Laws of Utah 1915, as amendatory to section 1891x27 of chapter 78, Laws of Utah 1915 (passed by the same Legislature, but providing they should become effective on different dates), as amendatory to section 1891x27 of chapter 96, Laws of Utah 1913, as amendatory to section 1891x27 of chapter 135, Laws of Utah, 1911 (in which latter section the objectionable classification is not contained), are illegal. It therefore appears, and the decisions of this court both in the *Hunter* and *Hanchett Cases,* supra, are to the effect, and therefore controlling here, that the tax levies for county school districts of the first class should be made without regard to the objectionable proviso above quoted, found in section 4624, Comp. Laws Utah 1917. To do so it necessarily follows that such assessments, in order to be legally made, should be in accordance with section 1891x27, chapter 135, Laws of Utah 1911, which provides:

"That the tax for the support and maintenance of such school shall not exceed in any one year five and one-half mills on the dollar upon all taxable property of said district, and shall not exceed one and one-half mills additional on the dollar in one year, to be used exclusively for the purchase of school sites and erection of school buildings, but in case any funds collected for support or maintenance are not used within the school year for which they were raised, they may be used for building purposes."

It is therefore ordered that the demurrer to plaintiff's petition be overruled, and that the peremptory writ of mandate applied for be issued.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.